UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-696-MOC
(3:15-cr-7-MOC-1)

| | |
|---|---|
| QUANTRELL DION REID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I. BACKGROUND

Plaintiff was indicted in the underlying criminal case for a single count of possession of a firearm subsequent to the conviction for three violent felonies in violation of 18 U.S.C. §§ 922(g)(1). (3:15-cr-7 ("CR") Doc. No. 1). Plaintiff entered a "straight up" guilty plea on July 13, 2015, withdrew his plea upon learning he could be sentenced as an armed career criminal, then pleaded guilty "straight up" for a second time on January 8, 2016. (CR Doc. Nos. 27, 53, 54); see also (CR Doc. No. 16) (Factual Basis).

The Presentence Investigation Report ("PSR") calculated the base offense level as 24 because Petitioner possessed a firearm subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense, *i.e.*, infliction of bodily injury in Powhatan County Circuit Court, Virginia case numbers CR05-152-00 and CR05-140-00. (CR Doc. No. 37 at ¶ 16). Two levels were added because the firearm was stolen. (CR Doc. No. 37 at ¶ 17). However, Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e)

1

because the offense is a violation of 18 U.S.C. § 922(g) and Petitioner had at least three prior convictions for violent felonies or serious drug offenses, *i.e.*, infliction of bodily injury in the above cases as well as in case number CR05-099-00. (CR Doc. No. 37 at ¶ 22). Therefore, the offense level was 33. (Id.). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (CR Doc. No. 37 at ¶¶ 22-25). Petitioner had seven criminal history points and a criminal history score of IV. (CR Doc. No. 37 at ¶¶ 35-37). The resulting guideline range was 135 to 168 months' imprisonment, however, the statutorily-required minimum sentence was 15 years, so the guidelines term of imprisonment becomes 180 months. (CR Doc. No. 37 at ¶ 71).

The Court accepted the PSR without change and sentenced Petitioner to 180 months' imprisonment followed by three years of supervised release. (CR Doc. No. 44); see (CR Doc. No. 45) (Statement of Reasons).

Petitioner argued on direct appeal that his three prior convictions did not fall within ACCA's definition of violent felonies because Virginia Code § 18.2-55 can be violated in a variety of non-violent ways. Applying the categorical approach, the Fourth Circuit affirmed on June 28, 2017, finding that § 18.2-55 categorically is a violent felony under ACCA's force clause because a defendant violating that statute must necessarily use force capable of causing pain or physical injury pursuant to Johnson v. United States, 559 U.S. 133, 140 (2010) (Johnson I). United States v. Reid, 861 F.3d 523 (4th Cir. 2017). The United States Supreme Court denied certiorari on November 13, 2017. Reid v. United States, 138 S. Ct. 462 (2017).

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on November 26, 2017. He argues that appellate counsel was ineffective for failing to properly present the argument that Petitioner's prior Virginia convictions are not crimes of violence because "the statute can be violated by the infliction of minor injuries." (Doc. No. 1-1 at 3). He argues that the Fourth Circuit

2

did not consider this argument because counsel raised it for the first time during oral argument. See Reid, 861 F.3d at 529 n.*. Petitioner contends that there is a reasonable probability that the Fourth Circuit would have found in his favor on direct appeal had counsel properly presented the minor-injury argument in the opening brief.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The Strickland standard applies to claims of ineffective assistance of appellate counsel. To show prejudice in this context, a petitioner must show a "reasonable

3

probability ... he would have prevailed on his appeal" but for his counsel's unreasonable failure to raise an issue. Smith v. Robbins, 528 U.S. 259, 285–86 (2000).

ACCA increases a prison term to a minimum of 15 years and a maximum of life if the violator has three or more prior convictions for a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1). ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*….

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause which was held unconstitutionally vague by the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson II). Subsection (e)(2)(B)(i) is known as the force clause.[1]

A conviction is a valid predicate offense after Johnson II if it is a "violent felony" under ACCA's force clause. 18 U.S.C. § 924(e)(2)(B)(i). "Physical force" for purpose of the force clause means "violent force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (Johnson I); Sessions v. Dimaya, 138 S. Ct. 1204, 1220 (same). The use of physical force requires "a higher degree of intent than negligent or merely accidental conduct." Leocal v. Ashcroft, 543 U.S. 1, 9 (2005). By contrast "the knowing or intentional causation of bodily injury *necessarily* involves the use of physical force." United

---

[1] Also known as the elements clause.

States v. Castleman, 572 U.S. 157, 169 (2014) (emphasis added). Johnson I "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." Stokeling v. United States, 139 S. Ct. 544, 554 (2019). Therefore, force as small as "hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling" satisfies Johnson I's definition of physical force because they are all capable of causing physical injury. Id. (quoting Castleman, 572 U.S. at 182, Scalia, J., concurring in part).

Petitioner argues that his Virginia convictions do not qualify as violent felonies under ACCA because § 18.2-55 can be violated by inflicting minor injuries.

Section 18.2-55 makes it unlawful for a person confined in a state, local or regional correctional facility to "knowingly and willfully inflict bodily injury" on a non-prisoner who is lawfully in the facility. Va. Code § 18.2-55(A). "The specific intent to knowingly and willfully inflict bodily injury is an essential element of proof of a violation of Code § 18.22-55(A)." Seegars v. Commonwealth, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994) (internal citations omitted).

On direct appeal in Petitioner's case, the Fourth Circuit applied the categorical approach and found that the offense categorically qualifies as a crime of violence because a defendant violating § 18.2-55 "must necessarily use 'force capable of causing physical pain or injury,' which the Supreme Court has held brings a state crime within ACCA's ambit." Reid, 861 F.3d at 525 (emphasis added). That is, "§ 18.2-55's element of 'knowingly and willfully inflict[ing] bodily injury" on another person "squarely matches ACCA's force clause, which requires force that is 'capable of causing physical pain or injury.'" Reid. 861 F.3d at 527 (quoting Johnson I, 559 U.S. at 140).

In United States v. Rumley, 952 F.3d 538 (4th Cir. 2020), the Fourth Circuit recently addressed Virginia's unlawful wounding statute, § 18.2-51, which is "very similar" to § 18.2-55

5

and "mirror[s]" the relevant elements of that offense. <u>Rumley</u>, 952 F.3d at 550. The Fourth Circuit concluded in <u>Rumley</u> that § 18.2-51 is categorically a violent felony because, like § 18.2-55, it "requires intentional causation of bodily injury for conviction." <u>Id.</u>

Petitioner's present argument that § 18.2-55 is not a violent felony because the statute may be violated by inflicting minor injuries is meritless. The seriousness of the injuries inflicted by a defendant's actions is not dispositive; it is the *potential* to cause physical pain or injury that is controlling. <u>See</u> <u>Stokeling</u>, 139 S. Ct. at 554.

There is no reasonable probability that the Fourth Circuit would have remanded Petitioner's ACCA sentence had appellate counsel timely presented the meritless minor-injury argument. <u>See</u> <u>generally</u> <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."); <u>Coley v. Bagley</u>, 706 F.3d 741, 752 (6th Cir. 2013) ("[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial."). Therefore, Petitioner's Motion to Vacate will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 22, 2020

Max O. Cogburn Jr
United States District Judge